CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 7 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FELIX LUIS ROCHE MONTALVO, ) <br> SECURED PARTY/CREDITOR, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FELIX LUIS ROCHE MONTALVO, ) <br> Defendant in Rem. ) | Civil Action No. 7:08-cv-00537 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

Plaintiff Felix Luis Roche Montalvo ("Montalvo"), a federal inmate proceeding pro se, brings this civil action, purporting to raise claims under federal statutes. Accordingly, the court construed and filed the action as one arising under the court's federal question jurisdiction, pursuant 28 U.S.C. §1331. Plaintiff paid the $350.00 filing fee. Upon review of the complaint, the court finds that the complaint must be dismissed without prejudice for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rule of Civil Procedure.

I. Background

Montalvo, an inmate at the United States Penitentiary in Lee County, Virginia ("USP Lee"), states that his civil action is filed pursuant to Fed. R. Civ. P. 9(h), "specifically, an in rem action under Rule C Special provisions 28 U.S.C.A. Within Admiralty." Montalvo states that he seeks to enforce a "perfected 'Maritime Lien' against the Defendant/Debtor FELIX LUIS ROCHE MONTALVO (EN LEGIS) [himself] who is also the trust in this process." Montalvo states that by prior security agreement, he (the secured party) and the Debtor (himself) agreed that the Debtor, among other things,

1

- a.) voluntarily enters Debtor into the Commercial Chamber.
- b.) Transfers and assigns to the Secured Party a Security Interest in the collateral described herein below.
- c.) Agrees to be, act and function in law and Commerce as the unincorporated, proprietary trademark of the Secured Party for the exclusive discretionary use by the Secured Party in any manner that the Secured Party, by sovereign and Unalienable Right, elects.

The civil complaint continues: "Due to the injuries accruing to the Secured Party by virtue of the Transmitting Utility function of the Debtor/Trust, the Plaintiff filed a lien against the Defendant/Debtor and now herein seeks to enforce said 'Maritime Lien.'" Furthermore, Montalvo states, "[t]he Property or Res that the Plaintiff requests to be attached and arrested and deposited on the court to abide judgment is in fact registered in the Commercial Chamber as follows: ROCHE MONTALVO FELIX LUIS." The complaint states that the Res (Montalvo) is currently located "in the USP Lee County Warehouse/Penitentiary." After the Res is arrested and deposited in the court, plaintiff wants judgment from this court "ordering the release of the Property, i.e. the Defendant/Debtor/Trust FELIX LUIS ROCHE MONTALVO (ENS LEGIS) [Montalvo] to the Plaintiff [Montalvo]." Other attachments to the civil action document allegedly include Bill of Lading, UCC Financing Statement, Security Agreement,[1] Power of Attorney Limited, Security on Counterclaim, and Certificate of Live Birth stamped "accepted for value." Montalvo states that these documents/cargo/papers are to be shipped/filed/carried/transferred to/in the ADMIRALTY JURISDICTION of the Court, pursuant to 49 U.S.C. § 80113, which covers liability of common carriers for nonreceipt, misdescription, or improper loading of goods.

---

[1] In the Security Agreement, the Debtor establishes a "fidelity bond" in favor of the Security Party in the sum of $100,000,000.

Montalvo filed this same complaint and stack of attachments on a previous occasion, but did not prepay the $350.00 filing fee. The court filed the documents as Case No. 7:08CV00464 and dismissed the action as frivolous, pursuant to 28 U.S.C. § 1915A(e)(1)(B). A complaint filed in forma pauperis may be summarily dismissed under § 1915(e)(2)(B) if the court determines that the claims are frivolous, malicious, or fail to state any actionable claim. Despite having been clearly notified in the court's previous opinion that his claims were frivolous, Montalvo has filed the same documents as a new civil action and has prepaid the filing fee.

## II. Discussion

### A.

Congress has conferred on district courts the authority to decide only given types of cases, one way or the other. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This federal question jurisdiction is not unlimited, however. The United States Supreme Court has repeatedly held that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous . . . plainly unsubstantial, . . . or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted). Rule 12(b)(1) authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989). Furthermore, the court has an independent obligation to evaluate, sua sponte, its subject matter jurisdiction if it is in doubt. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977). See also Apple v. Glenn, 183 F.3d 477, 479-80 (6th Cir.1999) (finding that complaint may be dismissed sua sponte

3

"for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Principles requiring generous construction of pro se pleadings are also not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir.1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). District courts are not required "to conjure up questions never squarely presented to them" or "to construct full blown claims from sentence fragments." Beaudett, 775 F.2d at 1278.

Federal prisoners seeking release from confinement by challenging the validity of their convictions or sentences must generally pursue relief in the sentencing court through a motion to vacate, set aside, or correct sentence. See 28 U.S.C. § 2255(a). To obtain such relief, the inmate must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. A federal inmate seeking to challenge the execution or manner in which his sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). The inmate bears the burden of proving grounds for either of these collateral attacks by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir.1965).

B.

Montalvo apparently seeks release from prison based on documents he created in reliance on his rather tenuous interpretation of the Uniform Commercial Code and other federal commercial statutes. The court does not question Montalvo's assertions that he executed the documentation attached to his complaint. The court simply finds no ground upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement. Even liberally construed, the complaint does not state a viable federal legal claim upon which Montalvo is entitled to have his federal criminal sentence of imprisonment vacated or set aside under § 2255 such that the court could construe his pleading as a § 2255 motion. Moreover, as this court did not sentence Montalvo, a § 2255 motion is not properly brought here. Montalvo also fails to demonstrate any constitutional infirmity in the way in which his sentence has been calculated or executed such that the court could construe his pleading as a petition under § 2241.[2]

In short, the present complaint seeks nothing more than Montalvo's release from custody based on civil financing documentation on which he has no possible legal grounds for such relief. His claims of entitlement to release from confinement lack any arguable basis in the legal authority that he cites. Therefore, the court finds that his federal claims are absolutely devoid of merit and obviously frivolous, such that the court has no subject matter jurisdiction under § 1331 to entertain his complaint, and the complaint must be summarily dismissed as such, pursuant to Fed. R. Civ. P. 12(b)(1). Neitzke, 490 U.S. at 327 n.6. An appropriate order shall be entered this day.

---

[2]Montalvo, under the name "Felix Roche," previously filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his convictions related to a drug trafficking conspiracy; this court dismissed the petition as without merit, and the United States Court of Appeals for the Fourth Circuit affirmed. See Roche v. Bledsoe, 7:05CV00501 (W.D. Va. 2005), aff'd, 170 Fed. App'x 251 (4th Cir. 2006) (unpublished).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). If dismissed as frivolous, however, an appeal in this case may count as plaintiff's third strike under § 1915(g).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of October, 2008.

*/s/ Conrad*
United States District Judge